## Richard A. Hale, Appellant, v. Clara Hale, Appellee.

### Gen. No. 21,284.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES
M. WALKER, Judge, presiding. Heard in this court at the March
term, 1915. Affirmed. Opinion filed January 3, 1916. *Certiorari*
denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill for divorce by Richard A. Hale, complainant,
against Clara Hale, defendant. From a decree dis-
missing his bill for want of equity, complainant ap-
peals.

Complainant charged defendant with having com-
mitted adultery with one Clinton Vail on the 15th day
of September, 1911, and on the 24th day of March,
1913, and the place of the adulterous intercourse was
alleged to be the City of Chicago, and he also charged
generally, but not specifically, other adulterous acts
with Vail.

The answer of the defendant denied categorically
the two acts of adultery specifically charged and also
denied that she committed adultery at any other time
or times with Vail. It is likewise charged in the bill
and admitted in the answer that one child was born as
the fruit of the union between the parties, a daughter,
Frances Hale, who was between six and seven years
of age at the time of the filing of the bill. A replica-
tion was filed to the answer and the cause was tried
before the court on the pleadings thus formed.

Complainant's proof to sustain his charges of adul-
tery were based upon the alleged confession of his wife
made on the 16th day of September, 1911, and as to
the adultery charged to have been committed on
March 24, 1913, on the testimony of two detectives.
The alleged confession defendant denied *in toto*. The
evidence showed that the parties continued to live in
the marital relation from that time until the middle

of May, 1912; that complainant did not finally leave his wife until August 7, 1912, and letters written by him to her during that time were couched in affectionate terms, without any reference to defendant's having fallen from marital rectitude.

In avoidance of these matters, complainant put in evidence a letter dated August 7, 1912, written to him by the parents of defendant, which letter was prepared by a lawyer for complainant and which reads as follows:

"I regret that circumstances make it necessary or proper, in your opinion, for you to leave our house and leave Clara with us; but, knowing as I do that you and she have not lived together as husband and wife since you made the painful discovery, and knowing, as I have hitherto informed you, from what she has told me, that you have statutory grounds for divorce, I cannot urge or expect you to stay any longer with us, if your judgment and feelings prompt you not to do so. I beg of you, however, that if you seek a divorce you will spare her feelings and ours as much as you possibly can."

Complainant also introduced a letter in evidence written by defendant to complainant's mother in October, 1911.

GEORGE C. OTTO and DELBERT A. CLITHERO, for appellant.

JOHN C. EVERETT, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 50*—*when burden of proof on complainant.* In a suit for divorce on the ground of adultery, the burden is on the complainant of proving by a preponderance of the evidence at least one charge of adultery made in the bill.

*See Illinois Notes Digest, Vols. XI to XV; and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 1414*—*when findings of fact on bill for divorce not disturbed.* On appeal in a bill for divorce, the trial court's findings of fact will not be disturbed unless palpably and clearly contrary to the weight of the evidence.

3. EVIDENCE, § 23*—*when inferences not drawn from witness' lack of memory.* The fact that a witness failed to remember matters as to which it would seem incredible that she had no recollection does not warrant the drawing of inferences from her testimony not deducible from the facts contained therein.

4. DIVORCE, § 16*—*when evidence sufficient to show condonation.* On a bill for divorce on the ground of adultery, based on an alleged confession made on September 16, 1911, evidence that the parties continued to occupy the marital relation until the middle of May, 1912, and that complainant did not finally leave his wife until August 7, 1912, and that his letters to her during that time were in affectionate terms and contained no reference to the subject of her confession, *held* sufficient to show condonation.

5. DIVORCE, § 46*—*when evidence insufficient to show confession of adultery.* On a bill for divorce on the ground of adultery, evidence examined and *held* insufficient to show a confession of adultery.

6. DIVORCE, § 46*—*when evidence insufficient to show adultery.* On a bill for divorce on the ground of adultery, evidence of private detectives employed by complainant to shadow defendant, which shows that they followed her and the co-respondent for several weeks and saw them together at times, but only in public places and surrounded by many people, is insufficient to show adultery.